UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| VICTOR M SIENZE, et al., <br> Plaintiffs, <br> v. <br> BENJAMIN THOMAS MOORE, et al., <br> Defendants. | Case No. 19-cv-04279-RMI <br><br> **ORDER** |

On July 25, 2019, Plaintiffs Victor M. Sienze, Betty J. Sienze, Victor M. Sienze III, J. S., R. K. H., and Crystal K. Sienze asserted claims against Defendants Benjamin T. Moore, Lake County Sheriff's Department, and California Highway Patrol for negligent homicide, abridging constitutional rights, desecration of human remains, and mayhem. (dkt. 1). Only Plaintiff Victor M. Sienze signed the Complaint, although there appear to be six plaintiffs. *Id*. Similarly, only Plaintiff Victor M. Sienze filed an Application To Proceed *In Forma Pauperis*. (dkt. 2). Plaintiff Victor M. Sienze consented to the jurisdiction of the undersigned on July 25, 2019. (dkt. 3).

The court is mindful that Plaintiffs are proceeding *pro se*. *See, e.g, Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers"). Yet a complaint must be signed by <u>each</u> party personally if the party is unrepresented by an attorney. *See* Fed. R. Civ. P. 11(a). "The [complaint] must state the signer's address, e-mail address, and telephone number." *Id*. If all Plaintiffs – rather than only Plaintiff Victor M. Sienze – wish to pursue the action against Defendants together, Plaintiffs must re-file a complaint that includes each Plaintiff's signature in addition to each Plaintiff's address, e-mail address, and telephone number.

In addition, *pro se* plaintiffs are generally prohibited from pursuing claims on behalf of others in a representative capacity. *See* Civil L.R. 3–9(a); *see also Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir.1997) ("While a non-attorney may appear *pro se* on his own behalf, he has no authority to appear as an attorney for others than himself."); *Godoy v. Brown*, No. 18-CV-06650-HSG (PR), 2019 WL 359418, at *3 (N.D. Cal. Jan. 29, 2019). Furthermore, a minor child cannot represent himself. *See* Fed. R. Civ. P. 17(c); *see also Castillo-Ramirez v. Cty. of Sonoma*, No. C-09-5938 EMC, 2010 WL 1460142, at *1 (N.D. Cal. Apr. 9, 2010). A non-attorney parent cannot represent a minor child. *Johns*, 114 F.3d at 877; *Thomas v. Cty. of Sonoma*, No. 17-CV-00245-LB, 2017 WL 2289208, at *3 (N.D. Cal. May 25, 2017). Two Plaintiffs – J. S. and R. K. H. – are identified by initials and described as "son" in the Complaint. (dkt. 1). If Plaintiffs J. S. and R. K. H are minor children, each must be represented by an attorney.

Similarly, Plaintiff Victor M. Sienze filed an Application To Proceed *In Forma Pauperis* on his own behalf and also on behalf of the "Jason Richard Sienze Family." (dkt. 2). As a *pro se* plaintiff, Mr. Sienze may not represent the Jason Richard Sienze Family. Accordingly, each Plaintiff must independently file an application seeking *in forma pauperis* status.

The court will mail Plaintiff Victor M. Sienze a copy of "Representing Yourself in Federal Court: A Handbook for Pro Se Litigants" at the same time it sends a copy of this Order.

Accordingly, it is ORDERED, that on or before September 20, 2019, Plaintiffs shall refile the Complaint with the appropriate signatures and requisite information, file their applications to proceed *in forma pauperis,* and file notices of appearances for any minor children plaintiffs, or otherwise inform the court as to which plaintiffs are proceeding in this action.

**IT IS SO ORDERED.**

Dated: August 21, 2019

ROBERT M. ILLMAN
United States Magistrate Judge