UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR M. SIENZE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF LAKE, et al.,<br><br>Defendants. | Case No. 19-cv-04279-JSW<br><br>**ORDER DENYING MOTION TO REVERSE DECISIONS AND ENTERING JUDGMENT**<br><br>Re: Dkt. Nos. 144, 146 |

Pursuant to this Court's order dated January 9, 2024, granting Defendant Moore's motion for summary judgment, the parties have submitted a joint case management statement indicating that the case is effectively over and judgment should be entered. (Dkt. No. 144, Joint Statement at 3:13-14.) The Court agrees and shall enter judgment separately.

However, it appears that Victor Sienze. Sr., the first-named plaintiff in this case and the father of the deceased, disagrees with Dan Moseley, his former counsel's opinion as well as counsel's decision to file a statement of non-opposition to the motion for summary judgment. (Dkt. No. 139.) The Court has reviewed in detail all of Mr. Sienze's submissions and arguments. (Dkt. Nos. 141, 142, 146, 147.) The Court GRANTS Mr. Sienze's request to appear pro se and GRANTS Mr. Moseley's request to withdraw. (Dkt. Nos. 142, 143.) The Court interprets Mr. Sienze's request to reverse the Court's decision as a motion for reconsideration.

Under Local Rule 7-9(b), reconsideration may be sought only if one of the following circumstances exists: (1) a material difference in fact or law from that presented to the Court prior to issuance of the order that is the subject of the motion for reconsideration; (2) new material facts

or a change of law occurring after issuance of such order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments that were presented to the Court before issuance of such order. N.D. Civ. L.R. 7-9(b)(1)-(3). In addition, a party seeking leave to file a motion for reconsideration may not reargue any written or oral argument previously asserted to the Court. N.D. Civ. L.R. 7-9(c); *see also United States v. Hector*, 368 F. Supp. 2d 1060, 1063 (C.D. Cal. 2005), rev'd on other grounds, 474 F.3d 1150 (9th Cir. 2007) ("A motion for reconsideration is not to be used as a means to reargue a case or to ask a court to rethink a decision it has made.").

First, a motion for reconsideration can only be brought "[b]efore entry of a judgment adjudicating all of the claims and the rights and liabilities of all of the parties in a case." N.D. Civ. L.R. 7-9(a). The Court's order granting summary judgment did adjudicate all of the claims, rights, and liabilities of all the parties in this matter. Therefore, the motion for reconsideration is procedurally improper. However, the Court has reviewed the substance of Plaintiff's motion and all of his submissions and the Court finds that it did not fail to consider facts or dispositive legal arguments originally presented to the Court in the parties' briefing on summary judgment. The arguments in the motion for reconsideration were formerly presented to the Court and thoroughly considered. Further, although the Court has reviewed all of the submissions made by Mr. Sienze, the Court concludes that there has been no new material facts introduced or change in law which has occurred after issuance of the order that mandate reconsideration of the Court's decision. Accordingly, the Court DENIES Plaintiff's motion for reconsideration and declines to reverse its decision granting summary judgment.

Accordingly, a separate judgment shall issue and the Clerk is instructed to close the case.

**IT IS SO ORDERED.**

Dated: February 8, 2024

_____
JEFFREY S. WHITE
United States District Judge