UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR M. SIENZE, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>COUNTY OF LAKE, et al.,<br><br>　　　　　Defendants. | Case No. 19-cv-04279-JSW<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO REVIEW TAXATION OF COSTS**<br><br>Re: Dkt. No. 160 |

Following the Court's order granting Defendants' motion for summary judgment, the Court entered judgment against Plaintiffs on February 8, 2024. (Dkt. No. 150.) On February 14, 2024, Defendants timely filed their bill of costs, which included the required supporting affidavit. *See* N.D. Civ. L.R. 54-1(a) (providing that no later than 14 days after entry of judgment, a prevailing party claiming taxable costs must file and serve a bill of costs, along with a supporting affidavit attesting that the costs are correctly stated, were necessarily incurred, and are allowable by law). In the bill of costs, Defendants sought $3,798.75. (Dkt. No. 152.) On March 7, 2024, a deficiency notice was sent by the Court clerk and Defendants filed an amended bill of costs. (Dkt. No. 158.) On March 14, 2024, the Clerk entered a taxation of costs in the amount of $3,033.75. (Dkt. No. 159.)

On March 26, 2024, Plaintiffs Crystal Lynn Kemp (Sienze) and Victor Mario Sienze, III ("Moving Plaintiffs") filed a motion for review of taxation of costs. On April 8, 2024, Defendant Benjamin R. Moore filed a response to the motion, and on April 16, 2024, Moving Plaintiffs filed their reply. (Dkt. Nos. 161, 162.)

**LEGAL STANDARD**

Federal Rule of Civil Procedure 54(d)(1) provides that "costs—other than attorneys' fees—should be allowed to the prevailing party." Accordingly, "Rule 54(d) creates a presumption for awarding costs to prevailing parties; the losing party must show why costs should not be awarded." *Save Our Valley v. Sound Transit,* 335 F.3d 932, 944-45 (9th Cir. 2003) (citing *Stanley v. Univ. of Southern California,* 178 F.3d 1069, 1079 (9th Cir. 1999)). The Court "need not give affirmative reasons for awarding costs; instead, it need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award." *Id.* at 945. The Court may refuse to award costs to a prevailing party on several recognized grounds, including: the losing party's limited financial resources; misconduct on the part of the prevailing party; the importance and complexity of the issues; the merit of the plaintiff's case, even if the plaintiff loses; and the chilling effect on future civil rights litigants of imposing high costs. *See id.* (internal citations omitted).

Rule 54(d) creates a presumption in favor of awarding costs to the prevailing party, and it is "incumbent upon the losing party to demonstrate why the costs should not be awarded." Stanley, 178 F.3d at 1079 (citing *National Info. Servs., Inc. v. TRW, Inc.*, 51 F.3d 1470, 1471-72 (9th Cir. 1995)). A district court must "specify reasons" for its refusal to award costs. *See Subscription Television, Inc. v. Southern Cal. Theatre Owners' Ass'n*, 576 F.2d 230, 234 (9th Cir. 1978).

**ANALYSIS**

Moving Plaintiffs ask the Court to deny Defendants' bill of costs in its entirety because Plaintiffs have limited financial resources, this case raised issues of public importance, and because imposing costs in this case may chill other civil rights litigants. The Court must "consider the financial resources of the plaintiff and the amount of costs in civil rights cases." *Stanley*, 178 F.3d at 1079 (citations omitted). "Indigency is a factor that the district court may properly consider in deciding whether to award costs." *Id*. at 1079-80. Here, the Court finds that Moving Plaintiffs' arguments and evidence regarding their indigency is compelling. Further, the Court finds that the imposition of costs in this matter "on losing civil rights plaintiffs of modest means

2

1  may chill civil rights litigation in this area." *Id.* at 1080.

2  Accordingly, due to Moving Plaintiffs' limited means, the issues raised in the litigation
3  reflecting the public interest, and the potential of chilling important civil rights litigation, the
4  Court GRANTS Moving Plaintiffs' motion for review of taxation of costs.  The costs Defendants
5  seek may not be collected from Plaintiffs Crystal Lynn Kemp (Sienze) and Victor Mario Sienze,
6  III.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Moving Plaintiffs' motion to review taxation of costs.

**IT IS SO ORDERED.**

Dated:  April 23, 2024

_____
JEFFREY S. WHITE
United States District Judge